Filed 12/23/15  P. v. Westine CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061992 |
| v. | (Super.Ct.No. RIF10001271) |
| CARLOS CALVIN WESTINE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Reversed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and
Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Eric Swenson and Barry Carlton,
Deputy Attorneys General, for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY[1]

On July 15, 2010, defendant pled guilty to elder abuse under Penal Code section 368, subdivision (b)(1), and admitted two prison priors. The trial court granted defendant probation, with credit for time served, so he would be released immediately. Moreover, the court ordered defendant to reimburse the County of Riverside for 12 hours of attorney time at $119 per hour. Defendant did not object.[2]

On September 24, 2014, over four years later, defendant made an oral petition to modify or vacate the judgment for attorney fees. The court denied his petition as untimely.

## DISCUSSION

Defendant contends that the trial court erred in denying his petition to modify or vacate the judgment for attorney fees based on the petition being untimely.

Penal Code section 987.8, subdivision (h), states that "[a]t any time during the pendency of the judgment rendered according to the terms of this section, a defendant against whom a judgment has been rendered may petition the rendering court to modify or vacate its previous judgment on the grounds of a change in circumstances with regard to the defendant's ability to pay the judgment. The court shall advise the defendant of this right at the time it renders the judgment."

---

[1] The underlying facts are not a part of the record and are irrelevant to the issue presented on appeal.

[2] The actual order, however, awarded $1,434.12, instead of $1,428, in attorney fees.

The People agree that Penal Code section 987.8, subdivision (h), states that a petition to modify or vacate a judgment for attorney fees can be filed at any time. The People, however, contend that defendant did not file his motion under Penal Code section 987.8, subdivision (h). The People state: "What [defendant] did was to seek reconsideration of the trial court's initial payment order, on grounds that it was incorrect, rather than to claim that his ability to pay had changed." In support of its argument, the People reference the reporter's transcript and claim that defendant failed to assert "a change of circumstances," as required under Penal Code section 987.8, subdivision (h). Defendant argues that defendant "was never permitted to state *any* grounds for his motion because it is clear the court believed no motion could be made at this stage." We agree with defendant.

At the hearing on defendant's petition, defendant started to explain at the time the attorney fee award was imposed, he "could not afford—." The court cut defendant off before he could finish his sentence and stated: "The judge must have thought you did because that's done after the case. As I said, I wasn't the judge that did it. Four years later is a little long to object to it, wouldn't you say?" When defendant again expressed that he wanted to get his attorney fee award dismissed, the court simply stated, "[d]enied." When defendant asked if the court's order could be appealed, the court responded: "No. It's too late. See, if you don't believe you're going to pay the fees the judge assessed, then you can ask for a hearing about why it shouldn't be so high. You can't wait four years to do that."

In this case, the court never gave defendant the opportunity to explain why he felt the attorney fee order should be vacated because the court cut him off. The record reveals that the court did not believe that defendant had the right to challenge his fees because it had been over four years since the order had been made.

Therefore, we find that the trial court erred in denying defendant's petition without an inquiry as to potential changed circumstances.

## DISPOSITION

The trial court's order denying defendant's petition to modify or vacate the judgment for attorney fees is reversed. The case is remanded to the trial court to conduct for a proper hearing on defendant's petition under Penal Code section 987.8, subdivision (h).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

KING _____

Acting P. J.

CODRINGTON _____

J.

4